ERIK G. BABCOCK
Law Offices of Erik Babcock
717 Washington St., 2d Floor
Oakland, CA 94607
Telephone: 510-452-8400
Email: erik@babcocklawoffice.com

SHAWN HALBERT
Law Offices of Shawn Halbert
214 Duboce Avenue
San Francisco, CA 94103
Telephone: (415) 515-1570
Email: shawn@shawnhalbertlaw.com

Counsel for Defendant Perez

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES PEREZ<br><br>    Defendants. | Case No.: CR 21–328 YGR<br><br>DEFENDANT'S OBJECTION TO GOVERNMENT PROPOSAL TO PRODUCE WIRETAP AFFIDAVITS AND/OR EXHIBITS DURING TRIAL TEN DAYS PRIOR TO PROFFERED WITNESS'S TESTIMONY<br><br>Court:        Courtroom 4 |

Defendant James Perez objects to the government's proposal that it now produce E.D. Cal. wiretap affidavits and/or exhibits towards the end of trial and at least ten days prior to the testimony of its proffered witness, and submits this short filing to correct one factual misstatement and to address the legal issue of remedy.

First, in argument to the court, the government stated that it did not produce the affidavits

and/or exhibits incorporated by reference into the TT16 affidavit because it was relying on this court's prior rulings. But the government cannot blame the court for its failure to comply with its statutory obligations for three reasons. First, the court's ruling was on procedural and not substantive grounds. Second, after the court denied Mr. Perez's motions on procedural grounds, Dkt. Nos 1183 and 1251, in an abundance of caution, the defense filed a Notice alerting the parties that it would be objecting to admission of the wiretap calls on TT16 specifically under Title 18 Section 2518(9). Dkt. 1283. The court did not rule on this Notice because there was nothing to rule on, and thus the government could not have relied on any substantive ruling by the court to relieve it of its statutory burden. Finally, the government only officially violated its statutory obligations under Section 2528(9) after ten days prior to trial had passed, so no earlier court ruling would have been applicable. The government was on explicit notice of its statutory obligation, and its failure to comply cannot be attributed to any action of this court.

As to the legal remedy, the plain language of Section 2518(9) states that "[t]he contents of any wire, oral, or electronic communication intercepted pursuant to this chapter [18 USCS §§ 2510 et seq.] or evidence derived therefrom **shall not be received in evidence or otherwise disclosed in any trial**, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved." *Id.* (emphasis added). While the defense has not been able to find any controlling case law about a remedy for a violation of Section 2518(9), arguably the remedy is baked into the statutory provision itself, which prohibits the contents of the wire being admitted when the statute is violated. The statute provides for judicial discretion only where two conditions are met: "This ten-day period may be waived by the judge if [s]he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding **and** that the party will not be prejudiced by the delay in receiving such information." *Id.* (emphasis added).

Here, the government cannot meet the first condition because there is no evidence that it was not possible to provide the defense with the complete affidavit, particularly where government counsel

has now represented that the government conducted a full review of the E.D. Cal. file. The court does not need to reach the question of prejudice, but if it did, the defense submits that it is prejudicial to defendant's trial preparation to require counsel to review hundreds of pages of affidavits as trial draws to a close, particularly where the government could have obtained these materials sooner (as well as information and reports about SA Mruk). The statute provides for pretrial litigation of the wiretap, and that time has passed.

This is not a technical violation (like a missing signature or page), but rather a substantive one concerning the actual content of the affidavits. Nor does the government have a good faith basis to have not produced the discovery, as the government deliberately ignored the statutory procedure despite explicit notice from the defense. This is the opposite of gamesmanship by the defense, as the defense has been raising the issue and requesting the affidavits since November, 2023, and filed a specific Notice on May 9, 2024. *Cf. United States v. Owen*, 1992 U.S. App. LEXIS 14265, *4-5 (4th Cir. 1992) (citing *United States v. Caggiano,* 667 F.2d 1176, 1179 (5th Cir. 1982) (technical violations); *United States v. Harrigan*, 557 F.2d 879, 882 (1st Cir. 1977) (government's failure to include defendant's name on the inventory was inadvertent and that the government satisfied the notice requirement of 18 U.S.C. § 2518(9) by turning over the intercept documents upon defendant's discovery motion); *United States v. Best,* 363 F.Supp. 11, 21 (S.D.Ga. 1973) (movants need not to have been served under § 2518(9) because there was no possible pre-indictment suppression remedy where grand jury was not included within the statute); *In re Ellsberg*, 446 F.2d 954, 959 (1st Cir. 1971) (defendant sought not to suppress tainted interceptions but the indictment itself).

As the court noted, TT16 is ancillary to this proceeding. Because the government violated the provisions of Section 2518(9) even after repeated notice by the defense, under the plain language of the statute, the exhibits must be excluded.

Dated:  August 5, 2024                                Respectfully submitted,
                                                                          /s/
                                                                          _____
                                                                          SHAWN HALBERT
                                                                          ERIK G. BABCOCK
                                                                          Counsel for James Perez