JODI LINKER
Federal Public Defender
Northern District of California
JOHN PAUL REICHMUTH
LISA MA
Assistant Federal Public Defenders
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone: (510) 637-3500
Facsimile: (510) 637-3507
Email: Lisa_Ma@fd.org

Counsel for Defendant Cervantes[1]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CERVANTES, JAMEZ PEREZ, GEORGE FRANCO, and GUILLERMO SOLORIO,<br><br>Defendants. | Case No.: CR 21–328 YGR<br><br>**DEFENDANTS' SUPPLEMENTAL BRIEF TO REPLY (DKT. 1425) TO UNITED STATES' OPPOSITION (DKT. 1423) TO MOTION TO ADMIT RECORDINGS OF PAST STATEMENTS**<br><br>**Court:** Courtroom 1, 4th Floor |

Properly admitted recordings of inconsistent statements should go to the jury room. As the Ninth Circuit observed in *United States v. Chadwell*, 798 F.3d 910 (9th Cir. 2015), "The district court did not abuse its discretion by allowing the jury to examine the video exhibit during deliberations in the same private manner that the jury is entitled to view paper exhibits, photographs, and physical exhibits. *See United States v. Cuozzo,* 962 F.2d 945, 953 (9th Cir.1992) (holding that properly

---

[1] Refer to the signature page for a complete list of counsel and parties.

DEF. SUPPL. BR. RE REPLY (DKT. 1425) TO U.S. OPP'N (DKT. 1423) TO MOT. TO ADMIT RECORDINGS OF PAST STATEMENTS
*CERVANTES*, CR 21–328 YGR

1

admitted "audio tapes" can be "made available to [the] jury for review like all other evidentiary exhibits")." *Chadwell*, 798 at 914. The Court then stated in a footnote:

> Other circuits allow tape players to go into the jury room to replay properly admitted evidence. *See, e.g., United States v. Monserrate–Valentin,* 729 F.3d 31, 59 (1st Cir.2013) ("We fail to see how ... recordings are any different from the other types of documentary evidence that are routinely reviewed by jurors during their deliberations."); *United States v. Plato,* 629 F.3d 646, 652 (7th Cir.2010) ("We have previously approved of a district court's decision to send tape recordings and a tape player into the jury room during deliberations...."); *United States v. Rose,* 522 F.3d 710, 715 (6th Cir.2008) ("As we have said in response to objections to the presence of tape players in the jury room, an audio exhibit should not be relegated to muteness because it can be perused only through the use of a tape player." (internal quotation marks omitted)); *United States v. Sobamowo,* 892 F.2d 90, 97 (D.C.Cir.1989) (R.B. Ginsburg, J.) ("Contrary to defendants' contentions, the tape replaying was not a stage of trial implicating the confrontation clause or Rule 43(a)."); *United States v. Zepeda–Santana,* 569 F.2d 1386, 1391 (5th Cir.1978) ("It is within the trial court's discretion to decide whether evidentiary exhibits [taped conversations] should accompany the jury into the jury room."); *United States v. Williams,* 241 Fed.Appx. 681, 684 (11th Cir.2007) ("A tape recording is just another piece of real evidence." (internal quotation marks omitted)); *United States v. Graulich,* 35 F.3d 574, at *8 (10th Cir.1994) (unpublished table decision) ("We hold that the tapes were properly admitted in evidence and that the district court did not abuse its discretion in thereafter allowing the tapes to go to the jury room during deliberations.").

798 F.3d at 914 n.2.

The government concedes that these recordings were properly admitted and played for the jury during the trial. The government is correct. The Ninth Circuit has held that "the concept of impeachment by contradiction permits courts to admit extrinsic evidence that specific testimony is false, because contradicted by other evidence." *United States v. Castillo*, 181 F.3d 1129, 1132 (9th Cir. 1999). "Impeachment by contradiction is permitted to prevent witnesses from engaging in perjury and then using the prohibition on collateral fact testimony to conceal the perjury." *United States v. Kincaid-Chauncey*, 556 F.3d 923, 932 (9th Cir. 2009); *see also United States v. Cramer*, 126 F. App'x 841, 844 (9th Cir. 2005) ("evidence of appellant's prior crimes contradicted his earlier statements that he was attempting to disassociate himself from the Mongols in order to change his life and avoid being incarcerated again. It therefore fits within the concept of impeachment by contradiction.").

Citing *Castillo*, a district court in the Central District of California has held that a recording of a

phone call is admissible under the impeachment by contradiction doctrine:

> Moreover, numerous courts have recognized the important role that impeachment by contradiction can play in ensuring that falsified testimony does not go uncontradicted. *See Kincaid-Chauncey*, 556 F.3d at 932 ("Impeachment by contradiction is permitted to prevent witnesses from engaging in perjury and then using the prohibition on collateral fact testimony to conceal the perjury."); *Walder v. United States*, 347 U.S. 62, 65 (1954) ("[T]here is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Government's disability to challenge his credibility."). In the event defendant takes the stand and offers testimony that is directly contradicted by the recording, *introducing the recording itself would serve to clarify the record and ensure the jury is not misled. See United States v. Yarns*, 811 F.2d 454, 456 (8th Cir. 1987) (on cross-examination, defendant denied telling another witness that he could "look the judge in the eye and make him think he was telling the truth" because he was a good liar; trial court properly permitted prosecution to admit extrinsic evidence that defendant made this statement); *see also United States v. Havens*, 446 U.S. 620, 626-27 (1980) ("There is no gainsaying that arriving at the truth is a fundamental goal of our legal system ... We have repeatedly insisted that when defendants testify, they must testify truthfully or suffer the consequences ... it is essential, therefore, to the proper functioning of the adversary system that when a defendant takes the stand, the government be permitted proper and effective cross-examination in an attempt to elicit the truth.").

*United States v. Boyajian*, No. CR09-933(A)-CAS, 2016 WL 225724, at *11 (C.D. Cal. Jan. 19, 2016) (emphasis added).

In addition, "Rule 613(b) contains no bar, beyond foundation requirements, to extrinsic evidence of prior inconsistent statements." *United States v. Higa*, 55 F.3d 448, 452 (9th Cir. 1995). In addition to *United States v. Williams*, 668 F.2d 1064, 1067 (9th Cir. 1981) and the other cases that defendants cited in their reply brief (Dkt. 1425 at 1-3) to the government's opposition (Dkt. 1423) to their motion to admit recordings of inconsistent statements, the Ninth Circuit has held that extrinsic evidence of an inconsistent statement is admissible. In *United States v. Kenny*, 645 F.2d 1323 (9th Cir. 1981), the Ninth Circuit held that a tape recording of a testifying defendant's "own statements on the tape" "appear independently admissible as prior inconsistent statements, particularly in view of the fact that the prosecutor appears to have laid the requisite foundation under Fed.R.Evid. 613." *Id* at 1339-40; *see also United States v. Meza*, 701 F.3d 411, 417, 425 (5th Cir. 2012) (not abuse of discretion when district court played audio recording of witness's prior inconsistent statement for the jury).

Similarly, in *United States v. Jackson*, 882 F.2d 1444 (9th Cir. 1989), the Ninth Circuit held

that a "signed document" was admissible as a prior inconsistent statement:

> Thus, in this case, the government could properly impeach the defendant with the evidence of the disciplinary action. When the defendant attempted to deny the event, the government could then use the signed document as an admission of prior misconduct. *See, e.g., United States v. Moran*, 759 F.2d 777, 786 (9th Cir.1985) (upholding introduction of documents into evidence showing admissions of defendant), *cert. denied*, 474 U.S. 1102 (1986).

*Id*. at 1449 (9th Cir. 1989) (emphasis added).

And the courts of appeals have upheld prior inconsistent statements being taken into the jury room for consideration. *See Caton v. Hardamon*, 496 F.2d 6 (7th Cir. 1974) (not error to permit an exhibit containing prior inconsistent statement of non-party witness to be taken to jury room for consideration); *Asaro v. Parisi*, 297 F.2d 859, 863 (1st Cir. 1962) (not an abuse of discretion to permit jurors to take into jury room copies of prior inconsistent statements).

DEF. SUPPL. BR. RE REPLY (DKT. 1425) TO U.S. OPP'N (DKT. 1423) TO MOT. TO ADMIT RECORDINGS OF PAST STATEMENTS
*CERVANTES*, CR 21–328 YGR

4

| | |
|---|---|
| Dated:	August 8, 2024 | Respectfully submitted, |
| JODI LINKER<br>Federal Public Defender<br>Northern District of California<br>*John Paul Reichmuth*<br>JOHN PAUL REICHMUTH<br>LISA MA<br>Assistant Federal Public Defenders<br><br>Counsel for Defendant Cervantes | *Shawn Halbert*<br>SHAWN HALBERT<br>Law Offices of Shawn Halbert<br>214 Duboce Avenue<br>San Francisco, CA 94103<br>Telephone: (415) 515-1570<br>Email: shawn@shawnhalbertlaw.com<br>ERIK G. BABCOCK<br>Law Offices of Erik Babcock<br>717 Washington St., 2d Floor<br>Oakland, CA 94607<br>Telephone: 510-452-8400<br>Email: erik@babcocklawoffice.com<br><br>Counsel for Defendant Perez |
| *Brian H. Getz*<br>BRIAN H. GETZ<br>Law Offices of Brian H. Getz<br>90 New Montgomery Street, Suite 1250<br>San Francisco, CA 94105<br>Telephone: (415) 912-5886<br>Email: brian@briangetzlaw.com<br><br>Counsel for Defendant Solorio | *Marsanne Weese*<br>MARSANNE WEESE<br>Law Offices of Marsanne Weese<br>255 Kansas Street, Suite 340<br>San Francisco, CA 94103<br>Telephone: (415) 565-9600<br>Email: marsanne@marsannelaw.com<br>NATHANIEL JOSEPH TORRES<br>Law Office of Nathaniel J. Torres<br>1456 Hayes Street<br>San Francisco, CA 94117<br>Telephone: (415) 290-6290<br>Email: nate@nathanieljtorres.com<br><br>Counsel for Defendant Franco |

DEF. SUPPL. BR. RE REPLY (DKT. 1425) TO U.S. OPP'N (DKT. 1423) TO MOT. TO ADMIT RECORDINGS OF PAST STATEMENTS
*CERVANTES*, CR 21–328 YGR

5